UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID JOHNSON, | ) | 5:14CV1413 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE PATRICIA GAUGHAN |
| | ) | (Mag. Judge Kenneth S. Mchargh) |
| | ) | |
| MICHELE MILLER, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent | ) | REPORT AND |
| | ) | <u>RECOMMENDATION</u> |

McHARGH, MAG. JUDGE

The petitioner David Johnson ("Johnson") has filed a petition pro se for a writ of habeas corpus, arising out of his 2011 conviction for felonious assault, with a repeat offender specification, in the Stark County (Ohio) Court of Common Pleas. (Doc. 1.) In his petition, Johnson raises four grounds for relief:

  1. The petitioner was denied a fair trial when the trial court failed to declare a mistrial after a juror deliberately tainted the jury pool.

  2. Due process was violated when petitioner was never given notice of the possibility of being charged with a repeat violent offender specification based on prior violent conduct.

  3. Petitioner's right to due process was violated when he was denied effective assistance of counsel.

  4. The failure of the court of appeals to rule favorably on Petitioner's claim that his felonious assault conviction was unsupported by sufficient evidence and against the manifest weight thereof violated Petitioner's right to due process.

(Doc. 1.)

The respondent has filed a motion to dismiss, which argues that the petition was untimely filed. (Doc. 7, at 7-9.) Johnson has filed an opposition to the motion. (Doc. 8.)

## I. FACTUAL AND PROCEDURAL BACKGROUND

The state court of appeals set forth the following factual and procedural background:

> On May 20, 2011 Ralph Davison, a 54 year old welder, went to the Hall of Fame Fuel Mart at 704 Sherrick Road S.E., Canton, to buy some liquor to celebrate a new job. Davison had a white handled knife concealed on his person when he entered the store.
>
> Inside the store were Lamars Wynn FN1 and Curt Anderson FN2. Johnson remained outside chatting with some girls. All three had been drinking and smoking marijuana.
>
>> FN1. Wynn has filed a separate appeal in State v. Wynn, 5th Dist No. 2011 CA00244.
>> FN2. Anderson has filed a separate appeal in State v. Anderson, 5th Dist. No.2011 CA00226.
>
> Cameras inside the store captured images of Wynn and Anderson in Davison's face, with Davison bent backward over the counter. Davison pulled a knife, and at some point Anderson was stabbed. Wynn and Anderson punched Davison repeatedly, eventually taking him to the floor. The three were struggling on the floor as Johnson, a friend of Wynn and Anderson entered the store to see what was going on. Johnson entered the melee repeatedly striking Davison as Davison lie on the floor.
>
> Wynn, Johnson, and Anderson hit, kicked, and stomped Davison with striking brutality even as customers and employees of the store went

about their business.  At one point appellant, Johnson, and Anderson left the store, only to return and continue the assault on Davison.

A clerk inside the store called the police.  Another clerk yelled at the group that the police were on their way.  Wynn, Anderson, and Johnson drove off before police arrived.

Upon arrival, police found Davison unconscious on the floor in a pool of blood, with his sport coat pulled over his head.  Police also discovered a knife lying on the sidewalk outside the store.  They later learned this was Davison's knife, which Johnson picked up in the aftermath of the attack, wiped clean, and threw down outside the store.

Davison experienced severe head trauma and a stab wound 3 to 5 inches deep over his right hip; he was hospitalized for a month.  His injuries required extensive rehabilitation, and he still walked with a cane at the time of trial.  His balance and memory are still affected.  Davison has no memory of the assault.

Investigators reviewed the video surveillance in the store the night of the assault.  Two store clerks recognized the three assailants as regular customers in the store, although only one was identified by name, "Country."  Canton police knew "Country" as Wynn.  Wynn, Anderson, and Johnson were identified in photo line-ups within days of the assault.

All three assailants were charged by indictment with felonious assault pursuant to R.C. 2903.11(A)(1) and/or (A)(2), a felony of the second degree. All three indictments included repeat violent offender (RVO) specifications pursuant to R.C. 2941.149.

Prior to trial, Johnson moved to bifurcate the felonious assault count from the RVO specification.

Johnson was found guilty as charged, as were Wynn and Anderson.  Following the verdict, the trial court held a hearing on the RVO specifications.  The trial court found the specifications applied to all three co-defendants.  The trial court sentenced Johnson to eight years in prison on the charge of felonious assault and an additional six years on the RVO specification for a total consecutive term of fourteen years.

3

(Doc. 7, RX 10, at 2-4; State v. Johnson, No. 2011-CA-237, 2012 WL 2899582, at *1-*2 (Ohio Ct. App. July 16, 2012).)

Johnson filed a timely direct appeal, which raised the following four assignments of error:

> 1. The appellant was denied a fair trial when the trial court failed to discharge the original jury pool after a juror deliberately disobeyed an admonition by the court.
>
> 2. The appellant's repeat violent offender specification was improperly charged, as appellant was never given notice of the potential for a specification based on subsequent violent conduct.
>
> 3. The appellant was denied the effective assistance of counsel.
>
> 4. The appellant's conviction for one count of felonious assault in violation of R.C. 2903.11 was against the manifest weight and sufficiency of the evidence.

(Doc. 7, RX 8.)  The court of appeals affirmed the convictions.  (Doc. 7, RX 10; State v. Johnson, No. 2011-CA-237, 2012 WL 2899582 (Ohio Ct. App. July 16, 2012).)

Johnson appealed to the Supreme Court of Ohio, presenting the following four propositions of law:

> 1. The appellant was denied a fair trial when the trial court failed to declare a mistrial after a juror deliberately tainted the jury pool.
>
> 2. Due process was violated when appellant was never given notice of the possibility of being charged with a repeat violent offender specification based on prior violent conduct.
>
> 3. The appellant's right to due process was violated when he was denied the effective assistance of counsel.
>
> 4. The failure of the court of appeals to rule favorably on Appellant's claim that his felonious assault conviction was unsupported by

sufficient evidence and against the manifest weight thereof violated Appellant's right to due process.

(Doc. 7, RX 12.) The Ohio Supreme Court denied leave to appeal, and dismissed the appeal as not involving any substantial constitutional question, on Nov. 28, 2012. (Doc. 7, RX 14; State v. Johnson, 133 Ohio St.3d 1491, 978 N.E.2d 910 (2012).)

On June 24, 2013, Johnson filed an application pro se to reopen his appeal pursuant to Ohio App.R. 26(B), claiming ineffective assistance of counsel. (Doc. 7, RX 15.) On August 6, 2013, the state court of appeals denied the application as untimely filed. (Doc. 7, RX 18.) Johnson did not appeal this decision to the Supreme Court of Ohio.

Johnson filed this petition pro se for a writ of habeas corpus on June 27, 2014. (Doc. 1.)

## II. HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus. Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court. The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as

5

> determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-413 (2002). See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Williams, 529 U.S. at 405. See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect. Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law. Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

### III. STATUTE OF LIMITATIONS

The respondent has filed a motion to dismiss, which argues that the petition was untimely filed. (Doc. 7, at 7-9.)

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires a state prisoner seeking a federal writ of habeas corpus to file his petition within one year after his state conviction has become "final."  Carey v. Saffold, 536 U.S. 214, 216 (2002) (citing 28 U.S.C. § 2244(d)(1)(A)).  The conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  Thus, the one-year statute of limitations does not begin to run until all direct criminal appeals in the state system are concluded, followed by either completion or denial of certiorari before the United States Supreme Court, or the expiration of the time allowed (90 days) for filing for certiorari.  Clay v. United States, 537 U.S. 522, 528 n.3 (2003); Anderson v. Litscher, 281 F.3d 672, 675 (7th Cir. 2002); Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001), cert. denied, 534 U.S. 924 (2001) (citing cases).  A habeas petitioner filing for collateral relief does not benefit from the 90 day certiorari period.  Lawrence v. Florida, 549 U.S. 327 (2007) (interpreting 28 U.S.C. § 2244(d)(2)).

Johnson's conviction became final with the expiration of time for direct review of his conviction and sentencing.  The state supreme court denied leave to appeal on Nov. 28, 2012.  (Doc. 7, RX 14; Johnson, 133 Ohio St.3d 1491, 978 N.E.2d 910.)  Johnson did not seek certiorari within the ninety day period allowed, thus his conviction became final on Feb. 27, 2013.  The statute of limitations for filing his federal habeas petition expired one year later, Feb. 27, 2014.  Thus, Johnson's petition filed on June 27, 2014, was untimely.  28 U.S.C. § 2244(d)(1)(A).

7

A. Rule 26(B) Application

Johnson had filed an application to reopen his appeal, pursuant to Ohio App. Rule 26(B), on June 24, 2013 (doc. 7, RX 15), which the court of appeals found to be barred as untimely (doc. 7, RX 18). This untimely application does not affect the limitations period.

The limitations period is tolled while "properly filed" state post-conviction or collateral proceedings are pending. Souter v. Jones, 395 F.3d 577, 585 (6th Cir. 2005); Searcy v. Carter, 246 F.3d 515, 517-518 (6th Cir. 2001); 28 U.S.C. § 2244(d)(2). However, an untimely post-conviction or collateral motion is not considered "properly filed" so as to toll the running of the statute of limitations. Allen v. Siebert, 552 U.S. 3 (2007) (per curiam) (affirming Pace v. DiGuglielmo, 544 U.S. 408 (2005)); Williams v. Wilson, No. 03-4404, 2005 WL 2175914, at *3 (6th Cir. Aug. 9, 2005), cert. denied, 547 U.S. 1152 (2006).

Under Ohio law, a Rule 26(B) motion to reopen must be filed in the court of appeals within 90 days of the appellate judgment. State v. Lamar, 102 Ohio St.3d 467, 468, 812 N.E.2d 970 (2004) (per curiam), cert. denied, 543 U.S. 1168 (2005); State v. Reddick, 72 Ohio St. 3d 88, 90, 647 N.E.2d 784, 786 (1995) (per curiam). The appellate judgment at issue was entered on July 16, 2012. (Doc. 7, RX 10; Johnson, 2012 WL 2899582.) The motion to reopen should have been filed by Sept. 14, 2012. Johnson's application to reopen was not filed until June 24, 2013. (Doc. 7, RX 15.)

Johnson's application was rejected as untimely. (Doc. 7, RX 18.) Johnson's untimely Rule 26 motion to re-open his appeal does not toll the limitations period. Siebert, 552 U.S. at 7; Kimble v. Gansheimer, No. 4:08CV01048, 2009 WL 4676959, at *14 (N.D. Ohio Dec. 4, 2009). The statute of limitations period expired on Feb. 27, 2014, and Johnson's habeas petition was not filed until June 27, 2014.

### B. Equitable Tolling

Johnson urges the court to apply equitable tolling to save his petition. (Doc. 8, at 3-5.) The Supreme Court has held that the habeas statute of limitations may be subject to equitable tolling in appropriate cases. Holland v. Florida, 560 U.S. 631 (2010). However, Johnson bears the burden of persuading the court that he is entitled to equitable tolling. Griffin v. Rogers, 308 F.3d 647, 653 (6th Cir. 2002); Day v. Konteh, No. 1:08CV0212, 2009 WL 3321388, at *10 (N.D. Ohio Oct. 13, 2009).

To benefit from equitable tolling, the petitioner must show that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way. Holland, 130 S.Ct. at 2562 (citing Pace, 544 U.S. at 418); Lawrence, 549 U.S. at 335. The Sixth Circuit has recently recognized that, "under the test articulated by the Supreme Court in Holland, a habeas petitioner must demonstrate both that he has been diligent in pursuing his rights and that an extraordinary circumstance caused his untimely filing." Hall v. Warden, Lebanon

Correctional Inst., 662 F.3d 745, 750 (6th Cir. 2011), cert. denied, 133 S.Ct. 187 (2012).

The Sixth Circuit concluded that "Holland's two-part test has replaced Dunlap's five-factor inquiry[1] as the governing framework in this circuit for determining whether a habeas petitioner is entitled to equitable tolling."  Hall, 662 F.3d at 750; see also Patterson v. Lafler, No. 10-1379, 2012 WL 48186, at *2 (6th Cir. Jan. 9, 2012) (Holland is relevant test).  Sixth Circuit case law has consistently held that the circumstances which will lead to equitable tolling are rare.  Hall, 662 F.3d at 749 (equitable tolling granted "sparingly"); Souter, 395 F.3d at 590 (quoting Schlup v. Delo, 513 U.S. 298, 321 (1995)); King v. Bell, 378 F.3d 550, 553 (6th Cir. 2004); see also Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.), cert. denied, 531 U.S. 840 (2000) (rare and exceptional).

When the petitioner does not claim ignorance of the filing requirement, the court examines his diligence in pursuing his rights and the reasonableness of his ignorance of the effect of his delay.  King, 378 F.3d at 553.  See also Smith, 208 F.3d at 17 (party seeking equitable tolling must have acted with reasonable diligence throughout period he seeks to toll).  The facts show that Johnson failed to act with that reasonable diligence which would support a claim for equitable tolling.

As discussed earlier, Johnson did not file his petition until five months after the habeas statute of limitations had run.  In addition, he did not filed his Rule

---

[1] *See Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001).

26(B) application, which if timely filed might have tolled the limitations period, until about nine months after the applicable filing deadline had passed.

Johnson claims that the circumstances behind his lateness were beyond his control, for example, restricted access to the institutional law library, and lack of legal knowledge. (Doc. 8, at 3-5.) Unfortunately, most inmates filing for habeas relief share these circumstances. Johnson has failed to demonstrate that his is a rare and exceptional situation.

The motion to dismiss (doc. 7) should be granted, and the petition should be denied as untimely filed.

## RECOMMENDATION

It is recommended that the petition for a writ of habeas corpus be dismissed.

Dated:  Apr. 1, 2015                /s/ Kenneth S. McHargh
                                    Kenneth S. McHargh
                                    United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time WAIVES the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).